STATE OF MONTANA, ex rel., HARRY V. CORNING, Rela-
tor, v. THE DISTRICT COURT OF THE 18TH JUDICIAL
DISTRICT et al., Respondents.

No. 11939.
Submitted Sept. 28, 1970.
Decided Oct. 1, 1970.
474 P.2d 701.

Page Wellcome (argued), Bozeman, for relator.

Hjalmar B. Landoe (argued), McKinley Anderson (argued),
Bozeman, for respondents.

PER CURIAM:

The Eighteenth Judicial District Court, the Hon. Victor H.
Fall, judge presiding, granted an injunction pendente lite with-
out bond enjoining a landowner from further proceeding with
a proposed mobile home subdivision on his land until zoning

regulations were adopted. The landowner seeks supervisory control by this Court vacating the injunction order.

The background of the present controversy began when relator, Harry V. Corning, purchased a 234 acre tract of land several miles south of Bozeman, about a year ago. At the time of purchase this tract was used as a cattle ranch and was located in an area where the land generally was being used for agricultural purposes and conventional dwellings.

Relator secured tentative approval of the city-county planning board for a mobile home subdivision on this land. The ranch buildings thereon were sold, and lots, streets, and park land were staked out according to the subdivision plat. Written approval of the city-county planning board was endorsed on the subdivision plat which was then delivered to the county commissioners for their approval.

In the meantime, Zoning District No. 2 had been created in the same general area south of Bozeman encompassing over 3,000 acres and including relator's land. Although this zoning district had been created and the boundaries established, no zoning regulations or restrictions had yet been adopted.

At this point in time, relator's mobile home subdivision plat was awaiting the county commissioners' approval and the zoning district encompassing the proposed subdivision had been created but no zoning regulations had been adopted. Eight landowners in the zoning district, apparently fearful that if relator's subdivision plat were approved by the county commissioners an existing mobile home use could be established before prohibitory zoning regulations could be adopted, filed an action in the district court of Gallatin county against the county commissioners seeking to enjoin them from approving any plats of mobile home developments within the zoning district. A temporary restraining order was issued pending hearing on a temporary injunction. Relator subsequently intervened as a party defendant seeking to have the temporary restraining order vacated and the temporary or permanent injunction denied.

The hearing on the temporary injunction was held on August 10, 1970 in the district court of Gallatin county. On August 17 the court entered an order finding (1) that plaintiffs had started proceedings for creation of Zoning District No. 2 but that the county commissioners had not yet had time to secure the services of a qualified expert planner to assist them in working out practicable and feasible zoning regulations in Zoning District No. 2 and three or four other zoning districts; (2) that there is insufficient evidence to enable the court to determine whether relator's proposed mobile home subdivision will or will not conflict with the yet to be adopted zoning regulations in Zoning District No. 2; and (3) plaintiffs' position is just and reasonable and relator and all other persons should be restrained from further development in Zoning District No. 2 until zoning regulations are established. Based on these findings the district court ordered:

(1) That the county commissioners proceed as rapidly as possible with hiring a planner and establishing zoning regulations.

(2) That relator is enjoined "from taking any further action with regard to the development of his proposed subdivision" until zoning regulations have been established.

(3) After three months, but no sooner, relator can petition for modification of the restraint against him at which time the progress of the county commissioners will be reviewed.

The basic position of plaintiffs below is that they will be irreparably damaged if the county commissioners approve plats for mobile home developments in Zoning District No. 2 because this will enable the creation of variances or non-conforming uses beyond the ambit of subsequent zoning regulations. Thus they argue, they are entitled to a temporary injunction to prevent such irreparable injury pending adoption of zoning regulations.

This position is unsound. At this time it is impossible to predict whether zoning regulations ultimately adopted in Zoning District No. 2 will or will not prohibit relator's proposed subdivision development. The district court made an express finding to this effect in its order of August 17:

"The Court finds from the uncontradicted evidence that as of this time there is not sufficient evidence to determine whether the proposed plan of the Intervenor, Harry V. Corning, will or will not conflict with the finally to be adopted rules and regulations for the proposed Zone 2 for the simple reason that the rules and regulations, as above noted, have not been formulated * * *".

Any right whatever in plaintiffs here is contingent on the ultimate adoption of zoning regulations prohibiting mobile home use of the land. Whether such prohibitory zoning regulations will eventually be adopted is pure speculation and conjecture undeterminable at this time. Conversely, relator has a clear, present right to use his property for this purpose. The injunction pendente lite against relator contained in the order of August 17 is both a clear violation of relator's present and existing property rights and a premature protection of possible future property rights that may subsequently be acquired by plaintiffs.

No present right reposing in plaintiffs the violation of which is threatened by relator, plaintiffs are not entitled to an injunction pendente lite. Section 93-4202, R.C.M.1947; Section 93-4204, R.C.M.1947; 42 Am.Jur.2d, Injunctions, § 33. As no primary right exists in favor of plaintiffs, there can be no irreparable injury or damage on which to ground the issuance of an injunction. 42 Am.Jur.2d, Injunctions, § 30.

As relator here has been enjoined in the use of his property upon the basis of prospective zoning regulations which may not proscribe the use which he intends to make of his property, the order of the district court dated August 17, 1970 is vacated and set aside. Attorney fees are disallowed.